## GOVEY HOOD v. JAMES YOWEL.

**Bailments—Contract for Hire of Property—Breach of Warranty.**

A bailee, for hire of property for a specific period, if deprived of the use thereof by a superior title, or by the act of law, he may resort to the implied warranty of undisturbed possession for the term.

**Same—Act of Government.**

If in the exercise of Eminent Domain or other power in the government, it takes the property, it thereby becomes responsible to the holder of the title for its value, but not to the bailee for a term.

**Warranty, as Against Acts of Government.**

Unless there be an express covenant to such, no general warranty of title can be contrued as a guarranty against the action of the government

**Federal Government—Rights Against Citizens.**

As the Federal Government has the right to take property, without first making compensation, there is no legal means of enforcing a claim therefor, and a citizen must depend upon the good faith of his government.

**Warranty—Action on For Breach by Act of Government.**

No action for warranty of title, can be maintained, where the Government, either legally or revolutionary may destroy the right of property subsequent to said warranty.

**Same.**

Public necessity, being superior to individual rights, the Government may resume the possession of property, when such public necessity arises, and the Government alone is the judge of this.

**Same.**

The warranty of title by one individual to another can not be construed as warranting against the superior right of the Government to resume the property when public necessity requires.

**Same—Right of Government.**

The right to blow up and destroy a house in a city, to prevent the spread of a conflagration, is a legal public right of the State or Government, without compensation, it being not the eexrcise of eminent domain.

APPEAL FROM MADISON CIRCUIT COURT.

December 2, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This was a suit by Hood against Yowel. on the warranty to a slave sold by the latter to the former in the year 1859, warranting him to be a slave for life, but who was freed by the amendment to the constitution of the United States abolishing slavery, proclaimed December 18, 1865, and to which the court sustained a demurrer and dismissed the petition, of which appellant complains.

At the time of the sale the negro was a slave for life, so recognized by the constitution and laws of both the United States and this State, the only question therefore, is whether by such a warranty the warrantor becomes guarantor against future physical and political revolutions by which such relation may be destroyed.

This is not like the hiring for a specified period, for in such a case only the use for the given time is sold or passes, and not the title, hence, if the bailee is deprived of the use for any portion of the time by any superior title, or by the act of law the bailee may resort to the implied warranty of undisturbed possession for the term, and if in the exercise of eminent domain or other power in the Government it takes the property, it thereby becomes responsible to the holder of the title for its value, but not to the bailee for a term.

No general waranty of title can be construed as a guaranty against the action of the Government, either in the exercise of a legitimate right or of a physical unconstitutional power, but there must be an express covenant as to such acts, if indeed it could be legally embraced and enforced even in such.

All property is held in this state subject to the right of eminent domain in both the state and United States government, this public right, however, in both political organizations is limited and restrained so as to theoretically secure the citizen's right to compensation, but as the Federal Government has the power to take without first making compensation, the citizen must depend on its good faith and integrity as no legal means of enforcing his claim has been furnished.

Whether, therefore, the owner of slave property whose rights were abolished by said Constitutional amendment has or not a just and legal claim on the Federal Government amounts to but

little, as it alone can furnish the remedy, and by withholding that is substantially defeats the right.

But however this may be the warrantor of title never was the guarantor of the future action of the Government. Its subsequent action therefore, whether legal or revolutionary never can be a breach of the warranty. If the action is legal then it is but the exercise of a right attached to all property held under its sovereignty, that the public necessity is superior to the individual right, and that the sovereign may resume the property when such public necessity arises, and that the Government must judge of this. Without those political organizations known as government, to which is delegated the sovereign power of the people, by written constitutions, declaring, delegating and restricting the sovereign powers conferred and of the people themselves and declaring the rights of the citizen, property would be of little consequence and the right thereto ideal; as each must, therefore look to those political organizations known as states, in the larger or more restricted sense for the vindication and protection of his rights of property, as well as life and liberty, he must also submit to such political changes and the modification of those rights which the Government may legitimately make, or which it has the physical power and inclination to force on all.

The warranty of title by one individual to another can never be construed as warranting against the superior right of the Government to resume the property on compensation when the public necessity shall require, because the rights of the purchaser as a citizen is equally involved in that public necessity with the warrantor and his compensation for the deprivation of a private right for the public good is to come from the Government. The right to blow up and destroy a house in a town or city to prevent the spread of a conflagration is a legal public right, residing in all towns and cities as a public necessity, and this even without compensation, for it is not the exercise of eminent domain, yet this would be no breach of warranty of title by a vendor, but is a condition annexed to all property so situated. So of revolutionary physical power residing in the masses, when by physical revolutionary power they determine to modify or change their political institutions, however, they may be violative of the private rights of the citizen, he must submit because there is no remedy, but is

one of the conditions annexed· to the absolute necessity, each is under of being a party of some political family.

Wherefore the judgment is *affirmed.*

*R. & F., for appellant.*

*Russell & Averitt, for appellee.*